AO 245B    (Rev. 9/00) Judgment in a Criminal Case
       Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
11 SEP 16 PM 3: 57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| CHEYENNE GREGORY FENNELL (1) | Case Number: 11CR1459-WQH |
| | ROBERT REXRODE III, CJA |
| | Defendant's Attorney |

**REGISTRATION NO. 25210298**

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)   1 OF THE INFORMATION

☐ was found guilty on count(s)
    after a plea of not guilty.
    Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2252 (a) (2) | RECEIPT OF IMAGES OF MINORS ENGAGED IN SEXUALLY | 1 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____  is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00

☒ Fine waived      ☐ Forfeited pursuant to order filed _____ , included herein.

    IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 15, 2011
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

11CR1459-WQH

AO 245B     (Rev. 9/00) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: CHEYENNE GREGORY FENNELL (1)
CASE NUMBER: **11CR1459-WQH**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

60 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**11CR1459-WQH**

AO 245D     (Rev. 3/10) Judgment in a Criminal Case for Revocations
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT: CHEYENNE GREGORY FENNELL (1)                         ✚
CASE NUMBER: 11CR1459-WQH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

10 years

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
   Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,

   or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**11CR1459-WQH**

AO      (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Continued 2 — Supervised Release

Judgment—Page    4    o    6

DEFENDANT:    CHEYENNE GREGORY FENNELL (1)
CASE          11CR1459-WQH

## SPECIAL CONDITIONS OF SUPERVISION

[X]    Submit person, residence, office or vehicle to a search, conducted by a United states Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[X]    Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

[X]    Not possess any materials such as videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. §2256(2); and not patronize any place where such materials or entertainment are available.

[ ]    The defendant shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the defendant. The defendant shall pay for the costs of the installation of the computer software.

[X]    Provide complete disclosure of personal and business financial records to the probation officer as requested..

[X]    Not have unsupervised contact with any child under the age of 18 unless in the presence of a supervising adult (who is aware of the defendant's conviction in the instant offense), and with prior approval of the probation officer.

[X]    The defendant shall not loiter within 200 yards of a school yard, playground, park, amusement park, public swimming pool, arcade, or other places frequented by persons under the age of 18, without prior approval of the probation officer.

[X]    Not knowingly associate with, or have any contact with sex offenders unless in an approved treatment and/or counseling setting.

AO      (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Continued 2 — Supervised Release

Judgment—Page

DEFENDANT:   CHEYENNE GREGORY FENNELL (1)        Page 5 of 6
CASE         11CR1459-WQH

## SPECIAL CONDITIONS OF SUPERVISION

☐ Not be employed in or participate in any volunteer activity that involves contact with children under the age of 18, except under circumstances approved in advance (and in writing) by the probation officer.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days..

☒ Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the probation officer and the treatment provider, and pay all costs associated with this treatment.

☐ Not use a computer, recording device, facsimile or similar device to access adult or child pornography. The defendant shall consent random inspection of the computer and to the installation of the computer software that will enable the probation officer to monitor computer use on any computer owned, used, or controlled by the defendant. The defendant shall for the cost of installation of the software. The defendant shall not possess or use any data encryption techniques or programs.

☐ Comply with the provisions of 42 U.S.C. §16913(a), and register with the state sex offender registration agency in any state where the defendant resides, is employed, carries a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency.

☐ The defendant shall participate in a program of mental health treatment, specifically related to sexual offender therapy. The defendant shall enter, cooperate and complete any such program until released by the probation officer. The defendant shall abide all program rules and regulations, including participating in any clinical psycholo-sexual testing and /or assessment, at the direction of the probation officer or therapist. The defendant shall take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

AO     (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Continued 2 — Supervised Release

Judgment—Page   6   o   6

DEFENDANT:    CHEYENNE GREGORY FENNELL (1)
CASE           11CR1459-WQH

## SPECIAL CONDITIONS OF SUPERVISION

☐    Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family without approval of the probation officer.

☐    Not accept or commence employment without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

☐    Not be self-employed nor be employed by friends, relatives, associates, or acquaintances unless approved by the probation officer.

☒    Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

☒    Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.